WR-82,875-01,02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/13/2015 1:36:43 PM
Accepted 2/13/2015 3:44:14 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE TEXAS COURT OF CRIMINAL APPEALS

RECEIVED
COURT OF CRIMINAL APPEALS
2/13/2015
ABEL ACOSTA, CLERK

RELATING TO CAUSE N0. 10-DCR-054233

268TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

**IN RE THE STATE OF TEXAS EX REL. JOHN F. HEALEY, JR. DISTRICT ATTORNEY, 268TH JUDICIAL DISTRICT**

**VS.**

**HONORABLE BRADY G. ELLIOTT, JUDGE PRESIDING 268TH DISTRICT COURT, FORT BEND, COUNTY**

---

**STATE'S MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION, AND IF GRANTED, MOTION FOR STAY OF PROCEEDINGS**

---

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

COMES NOW THE STATE OF TEXAS, and in accordance with Rules 10.1(a) and 72.1 of the Texas Rules of Appellate Procedures, files this motion for leave to file an original petition for writs of mandamus and/or prohibition. In support thereof shows:

1.    This is a death penalty case.

2.    On direct appeal, this Court abated the appeal and remanded the case to Respondent, Honorable Brady G. Elliott, Judge Presiding, 268th District Court,

1

Fort Bend County, Texas, to determine whether a retrospective competency trial is feasible, and if so, to hold the trial. *Turner v. State*, 422 S.W.3d 676, 696-97 (Tex. Crim. App. Oct. 30, 2013).

3. This Court's mandate remands Turner's case to Respondent to determine whether a retrospective competency trial is feasible, not to a jury.

4. This Court's mandate does not order Respondent to determine Turner's present competency before finding that a retrospective competency trial is feasible.

5. On February 3, 2015, Respondent ordered a jury trial on the present competency of Real Party in Interest, Albert James Turner. Contrary to the mandate of this Court, the verdict of the jury will determine whether a retrospective competency trial is feasible.

6. Alternatively, Respondent has no jurisdiction or authority to order a jury trial on the present competency of Turner and Relator has no legal remedy at law.

7. Relator seeks a writ of mandamus and/or prohibition to order Respondent, in accordance with law and the mandate of this Court, to determine feasibility without consideration for whether Turner is presently competent.

8. As shown in the petition and exhibits thereto, Respondent has ordered psychiatric experts to evaluate Turner for present competency.

9. If this motion for leave to file is granted, Relator further requests this Court to stay the proceedings.

WHEREFORE, PREMISES CONSIDERED, the Relator respectfully requests that this Honorable Court grant leave to file its petition for writ of mandamus and/or a writ of prohibition directing Respondent to withdraw its order for a jury trial on Turner's present competency, to determine the feasibility of a retrospective competency trial on factors other than Turner's present competency, and if feasible, to hold the retrospective competency trial. Relator further requests that if leave to file is granted, that this Court stay the proceedings in the trial court.

Respectfully submitted,

/s/ John F. Healey, Jr.
John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Fred M. Felcman
Fred M. Felcman
SBOT # 06881500
First Assistant District Attorney

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460 /(281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the State's motion for leave to file petition for writs of mandamus and prohibition was served by electronic mail on February 13, 2015, on:

Hon. Brady G. Elliott, Respondent, <brady.elliott@fortbendcountytx.gov>

Robert Morrow, <Ramorrow15@gmail.com>, Attorney for Real Party in Interest

Lisa McMinn, State Prosecuting Attorney, <Lisa.McMinn@spa.state.tx.us>

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell